290 So.2d 46 (1973)
Marvin H. HOWARD, Deceased, and Jewel Ray Howard, Petitioners,
v.
GREEN'S TRACTOR COMPANY et al., Respondents.
No. 43482.
Supreme Court of Florida.
December 19, 1973.
On Rehearing February 13, 1974.
J. Christian Meffert of Ayres, Swigert, Cluster, Tucker & Curry, Ocala, for petitioners.
Andrew G. Pattillo, Jr., of Pattillo, MacKay & McKeever, Ocala, for respondents.
DEKLE, Justice.
This cause comes before us on petition for writ of certiorari to the Industrial Relations Commission, petitioner seeking the reversal of a decision of the Industrial Relations Commission in several respects. We have dispensed with oral argument as unnecessary in this case.[1]
Claimant employee suffered a heart attack in the course of demonstrating some farm equipment for his employer on a very hot day. Although claimant employee normally did inside work, he took the equipment out and demonstrated it on the day in question because the employee who normally performed this function was ill on that *47 day. In the course of the demonstration, he encountered some difficulty with hooking the equipment up for demonstration, and worked for several hours at strenuous labor in the hot sun in completing his assigned task. After finishing the demonstration, he loaded the equipment back into the truck provided by the employer and was about to leave when he began feeling ill. He managed to move the truck into the shade and did not get any substantial relief from this. When his predicament was discovered by the persons to whom he had been demonstrating the equipment, arrangements were made and he was taken back to the company's main office in Ocala and then by ambulance to the local hospital where he was admitted for an acute heart problem. Claimant was never able to return to work.
A compensation hearing was held; claimant employee died some two days after the hearing from the results of another heart attack. His widow then filed an amended claim, and an additional hearing was held. The Judge of Industrial Claims entered his award for compensation benefits resulting from the heart attack on the job including an award for the death of the employee, which the Judge of Industrial Claims found to have been 50% caused by the work related heart attack. The employer/carrier appealed to the Industrial Relations Commission only as to the award of death benefits, and the full Commission reversed the Judge of Industrial Claims' order and dismissed the claim in toto, determining that there was no competent substantial evidence to indicate that the initial heart attack on the job was causally related to the employee's death.
Pursuant to our temporary relinquishment of jurisdiction, the Commission entered a clarifying order, stating that the Judge of Industrial Claims erred in finding that the initial heart attack caused the claimant's death or accelerated or aggravated his pre-existing heart condition to the point that the employee's death was thereby caused or accelerated, and consequently that the Judge of Industrial Claims erred in finding that the heart attack constituted 50% of the cause of death of the claimant.
Claimants' first contention is that the Industrial Relations Commission erred in directing dismissal of the cause, in that a dismissal would dismiss claims and awards not the subject of review by the Industrial Relations Commission. In this regard, claimants correctly point out that the employer/carrier appealed to the full Commission only the award of death benefits, and hence no other portion of the Judge of Industrial Claims' award was before the Commission. This is correct. Matters not raised in the application for review cannot properly be considered by the Industrial Relations Commission. Wesley's Inc. v. Caramello, 156 So.2d 853 (Fla. 1963). Accordingly, the order of the Industrial Relations Commission must be reversed at least to the extent that it dismisses portions of the award not before it for review.
The second issue posed by the claimants is whether the Industrial Relations Commission erroneously substituted its interpretation of the facts and evidence presented for that of the Judge of Industrial Claims, rather than simply determining that the award was not supported by competent substantial evidence, as respondents contend. The factual issue with which these contentions deal is whether or not the on-the-job heart attack was causally related to the subsequent death of the claimant employee from another heart attack. We have reviewed the entire record presented to us in order to determine if there was in fact competent substantial evidence to support such a finding, and, although the evidence is closely balanced and is in some cases vague and unclear, we find that there is competent substantial evidence to support a finding that the claimant employee's death was in fact causally related to the on-the-job heart attack. Dr. Harrell stated (p. 10 of the deposition of May 24, 1971) that in his opinion the on-the-job *48 heart attack "could have had an effect on" the employee's death in that "any strain, mental or physicial, is supposed to contribute to that kind of coronary and the amount of coronary you have"; he also testified (p. 11 of the deposition) that his opinion was "that the extent of his previous coronary could have had an effect on this last attack", and qualified this by stating that his opinion was "only possibility". However, on cross examination, Dr. Harrell, in response to a question as to whether it was his medical opinion that the on-the-job heart attack was a "big contributing factor" to the death, answered that he thought it was. (p. 19 of the deposition.) Additionally, Dr. Harrell testified that the on-the-job heart attack had an effect, because of the employee's weakened heart, on his subsequent death (p. 23 of the deposition).
The testimony of Dr. Graham also supports the finding of the Judge of Industrial Claims that the on-the-job heart attack of the employee was causally connected with his subsequent death, Dr. Graham testifying in his deposition that the employee's fatal heart attack was causally related to the on-the-job heart attack (pp. 13 and 14 of his deposition). This position was reaffirmed on cross examination (p. 15 of the deposition).
We recognize that the evidence on the issue of causal connection between the on-the-job heart attack and the subsequent fatal heart attack of this employee is contradicted by the testimony of other physicians and could have been resolved by the Judge of Industrial Claims in a manner opposite from that in which he resolved it. However, it is not the function of this Court or of the Industrial Relations Commission to re-weigh the evidence to see if we agree with the particular manner in which such conflicts were resolved by the Judge of Industrial Claims; rather, our function, and that of the Commission in this regard, is simply to determine if there was competent substantial evidence to support the findings of the Judge of Industrial Claims. In the instant case, such competent substantial evidence in accordance with logic and reason existed, and the full Commission was in error in determining to the contrary.
Our resolution of the preceding questions renders moot the third point presented to us for review, this issue pre-supposing that a reversal of the Judge of Industrial Claims' order was warranted, which it was not under the particular facts and circumstances of this case.
Accordingly, our writ of certiorari is hereby granted, the opinion of the Industrial Relations Commission is reversed, and the cause is remanded with directions to reinstate the order of the Judge of Industrial Claims.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS, J., concurs in part and dissents in part.
ADKINS, J., dissents.

ON REHEARING GRANTED
DEKLE, Justice.
Our attention is directed on rehearing to the fact that the IRC, having reversed for no causal relationship, did not reach the question of whether there was competent substantial evidence to support the finding of the JIC as to the degree of causal relation of the heart attack of 50%; accordingly, such determination was not before us and we should not have remanded for reinstatement of such 50% causation factor but instead, and do here, remand to the IRC to review that determination.
It is so ordered.
CARLTON, C.J., and ERVIN, BOYD and McCAIN, JJ., concur.
ROBERTS and ADKINS, JJ., dissent.
NOTES
[1] F.A.R. 3.10(e), 32 F.S.A.