Charles L. DANIELS, Director
of Labor of the State of
Arkansas and Cecil PUGH *v.*
HILLCREST HOMES, INC.

CA 79-271                                              594 S.W. 2d 64
Court of Appeals of Arkansas
Opinion delivered February 6, 1980
Released for publication February 27, 1980

*Thelma M. Lorenzo,* for appellants.

*Honey & Rodgers,* by: *Danny P. Rodgers,* for appellee.

GEORGE HOWARD, JR., Judge. This is an appeal from a decision of the Nevada Circuit Court reversing the decision of the Board of Review sustaining the Appeals Tribunal in reversing the Agency's denial of benefits to appellant, Cecil Pugh, under Section 5(b) (1) of Employment Security Law

for purported misconduct in connection with her work. Section 5(b) (1) provides in material part:

". . . [A]n individual shall be disqualified for benefits:

. . .

(b)(1) If he is discharged from his last work for misconduct in connection with the work. Such disqualification shall be for eight (8) weeks of unemployment . . ."

Cecil Pugh was discharged on November 18, 1978, from her employment with Hillcrest Nursing Home where she served as an aide for the following purported reasons:

1. Claimant did not cooperate with other nurses' aides; and,

2. She did not report to work as scheduled; and,

3. She was abusive to patients; and,

4. Claimant's boyfriend had on occasions interfered with her work by coming on the job.

Cecil Pugh denied, under oath, all of the charges of misconduct and further testified that Robert Smith, her boyfriend, simply came on the job to pick up a trunk key and that he did not interfere with her work assignment. She testified that Donna Stuart, L.P.N., had a personal pique against her which was centered around her boyfriend; that shortly after Donna Stuart placed a note under the administrator's door, the content of which is unknown to claimant, claimant was discharged from her employment. She testified emphatically that she at no time abused any patients. Moreover, claimant stated that she had never been called into question about any abusive treatment accorded the patients; that she believes that there has never been a report of mistreatment from a patient.

The evidence submitted in support of the charges against claimant are three unsworn handwritten statements of the administrator, Donna L. Stuart, L.P.N., and Bobbie Fuller, R.N. The patients purportedly abused by the claimant did not testify nor is there a statement of any sort in the record from the patients.

The trial court in reversing the Board of Review found, among other things: "The Board of Appeals rubber-stamped the referee's findings . . . . The only evidence in this record supporting the claimant's position is a denial of the alleged misconduct. Statements by the employees as well as by a supervising LPN and registered nurse verified that the conduct of the claimant towards patients placed the patients in fear and that the patients have requested that the claimant not be sent back to their rooms."

We are persuaded that the trial court exceeded the scope of its jurisdiction in evaluating the weight and credibility of the evidence. It is plain that the trial court's responsibility is limited solely to determining whether or not the findings and conclusions of the Board of Review are supported by substantial evidence. Credibility of witnesses and the weight to be accorded the testimony are matters to be resolved by the Administrative Agency. The trial judge could reverse if the findings of the Board of Review were arbitrary, capricious, unreasonable and without substantial evidence to support them or in fraud or corruption. Moreover, a reviewing court may not substitute its findings for those of the Administrative Agency even though the court might reach a different conclusion if it had made the original determination upon the same evidence considered by the Agency. Even if the evidence is undisputed, the drawing of inferences is for the Agency, not the courts.

After carefully examining the record, we believe there is substantial evidence to support the decision of the Board of Review. Claimant offered live testimony under oath, while appellee offered three unverified statements which are predicated on hearsay.

Reversed and remanded with directions to the Circuit

Court of Nevada County to enter an Order reinstating the decision of the Board of Review.

PILKINTON, J., not participating.