389 So.2d 1003 (1980)
Juanita REDDING, Petitioner,
v.
COBIA BOAT CO., Respondent.
No. 56798.
Supreme Court of Florida.
October 23, 1980.
David M. Hammond of Meyers, Mooney & Adler, Orlando, for petitioner.
Michael A. Miller and Donna L. Bergh of Walker & Buckmaster, Orlando, for respondent.
McDONALD, Justice.
We have before us a petition for certiorari to review an order of the Industrial Relations Commission reversing the order of a judge of industrial claims. We have jurisdiction. Art. V, § 3(b)(3), Fla. Const. (1972). We find that the IRC departed from the essential requirements of law and, therefore, reverse.
Redding installed vinyl interiors in boats manufactured by Cobia and had been employed by that company for eight years. In March 1977 a flash fire ignited highly flammable glue used in the installation process and caused first- and second-degree burns to Redding's face, neck, and arms. In January 1978 a JIC ordered that Redding be paid temporary total disability benefits and that she be furnished further medical and *1004 psychiatric treatment as needed. At a subsequent hearing in June 1978 the JIC awarded continuing temporary total benefits, finding that Redding was genuinely afraid of returning to work for Cobia and that she had made a bona fide effort to find other employment. After reviewing the record, two IRC commissioners concluded that the order was not supported by competent substantial evidence and reversed. Cobia Boat Co. v. Redding, IRC Order 2-3795 (Apr. 25, 1979).
After completing our own review of the record we agree with Commissioner Carroll's conclusion (in dissent) that competent substantial evidence supported the JIC's order. In his testimony Redding's psychiatrist stated that, although he recommended that she seek part-time employment, he did not know how Redding would tolerate returning to work and that, in any case, she would need at least three to six months of additional psychiatric care. Redding had been offered several part-time jobs at Cobia, but testified that she was afraid-because of her previous injury there-to return to the boat company. She also testified as to her efforts to find other employment.
When psychiatric problems are involved, the JIC's opportunity to view a claimant and to weigh subjective factors impeding the capacity to return to gainful employment must be kept in mind when determining the correctness of an award. In reviewing workmen's compensation cases for factual sufficiency, it is the duty of both this Court and of the IRC to determine only if a JIC's order is supported by competent substantial evidence; reweighing the evidence is not a proper function. Howard v. Green's Tractor Co., 290 So.2d 46 (Fla. 1973).
We find the JIC's award of temporary total disability benefits adequately supported by the record on the facts of this case and that, by reversing that award, the IRC departed from the essential requirements of law. Accordingly, the IRC order is quashed, and the order of the JIC is reinstated.
It is so ordered.
SUNDBERG, C.J., and ADKINS, BOYD and OVERTON, JJ., concur.
ENGLAND and ALDERMAN, JJ., dissent.