Sandra HAMBY *v.* William F. EVERETT, Director
of Labor, and DILLARD'S DEPARTMENT STORE

E 81-192                            627 S.W. 2d 266

Court of Appeals of Arkansas
Opinion delivered February 3, 1982

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

DONALD L. CORBIN, Judge. Appellant has appealed from a decision of the Arkansas Employment Security Board of Review which held that she was disqualified from receiving benefits. We affirm.

Appellant was employed in the collection department at Dillard's Department Store. Her job was to contact delinquent accounts by telephone and attempt collection of these accounts. Dillard's discharged the appellant for making unauthorized long-distance telephone calls which was in violation of company policy. Appellant's application for employment benefits was denied by the agency under Section 5 (b) (1) of the Arkansas Employment Security Act [Ark. Stat. Ann. § 81-1106 (b) (1) (Repl. 1976)]. Appellant appealed the decision to the Appeal Tribunal which held that there was insufficient evidence presented to indicate a deliberate or willful act against the best interest of the employer by the claimant. The Appeal Tribunal held she was discharged for reasons other than misconduct in connection with her work.

The employer appealed the decision of the Appeal Tribunal to the Board of Review. The Board of Review reversed the decision of the Appeal Tribunal and held that appellant was disqualified under 5 (b) (2) of the Arkansas Employment Security Act [Ark. Stat. Ann. § 81-1106 (b) (2) (Repl. 1976)] which provides as follows:

> If he is discharged from his last work for misconduct in connection with the work on account of dishonesty, drinking on the job, reporting for work while under the influence of intoxicants, or willful violation of the rules or customs of the employer pertaining to the safety of fellow employees or company property, he shall be disqualified from the date of filing his claim until he shall have ten (10) weeks of employment in each of which he shall have earned wages equal to at least his weekly benefit amount.

The Board of Review made the following finding

regarding appellant's misconduct:

> The Board of Review finds that the claimant was discharged for misconduct in connection with the work. The unauthorized use of the telephone to make personal calls can be interpreted as a willful violation of company rules, and theft of property, telephone usage. The employer has proof by telephone records to whom the calls were made and the claimant's statement that she was using these family, relatives and friends in her work cannot be accepted in this case.

The issue on appeal is whether there is substantial evidence to support the decision of the Board of Review that appellee is disqualified from receiving benefits due to misconduct. Ark. Stat. Ann. § 81-1107 (d); *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W. 2d 954 (1978); *Stagecoach Motel* v. *Krause,* 267 Ark. 1093, 593 S.W. 2d 495 (1980).

In *Stagecoach Motel* v. *Krause, supra,* this court stated the following regarding misconduct:

> The general rule is that misconduct (within the meaning of the Unemployment Compensation Act excluding from its benefits an employee discharged for misconduct) must be an act of wanton or wilful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of his employees.

We hold that there is substantial evidence to support the Board of Review's decision. The Board of Review obviously rejected appellant's claim that the telephone calls were in connection with her employment. While we are sympathetic with the argument advanced by the dissent that credibility should be determined at the administrative hearing level, we believe this is a matter which is best addressed by the Legislature and not the courts.

Affirmed.

GLAZE and COOPER, JJ., dissent.

TOM GLAZE, Judge, dissenting. I dissent. The Appeal Tribunal awarded benefits to appellant, and the Board of Review later reversed and denied benefits. In awarding benefits, the Appeal Tribunal obviously believed claimant's testimony, but in denying benefits, the Board clearly chose to disbelieve her testimony. The difference between the Appeal Tribunal proceedings here and that conducted by the Board was the Tribunal observed the demeanor of the witnesses who testified. Although the Board is authorized to take testimony and other evidence, it did not do so in this case. As was true in this appeal to the Board of Review, it is usual procedure for the Board to limit its review to the exact record and evidence which was previously presented to the Appeal Tribunal below. In cases where the ultimate determination as to benefits hinges entirely upon the degree of credibility to be accorded testimony of interested witnesses, I believe the Appeal Tribunal's credibility findings should be entitled to special weight. See K. Davis, *Administrative Law of the Seventies,* § 10.04 (1976).

I recognize that our court and the Supreme Court have consistently held, routinely and without comment, that credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review and the Workers' Compensation Commission. *Daniels* v. *Hillcrest Homes, Inc.,* 268 Ark. 516, 594 S.W. 2d 64 (Ark. App. 1980); *Arkansas Coal Company* v. *Steele,* 237 Ark. 727, 375 S.W. 2d 673 (1974). How this rule on review has become so well established is a real conundrum. Anyone who reflects a moment on the application of this rule becomes immediately aware that a Board or Commission which reviews a cold record on appeal is in a poor position to weigh the credibility of any witness. It would make as much sense for our court to decide credibility issues in cases appealed to us from either the Employment Security Board of Review or the Workers' Compensation Commission. Of course, we have never done so.

Most any law school graduate is aware that our Court reviews chancery cases *de novo.* However, where credibility

issues arise, we will not reverse the findings of the chancellor unless they are clearly erroneous, giving due regard to the opportunity of the trial court to judge the credibility of the witnesses. *Drewry* v. *Drewry*, 3 Ark. App. 97, 622 S.W. 2d 206 (1981).

Until comparatively recently, the courts in most jurisdictions, including Arkansas, have limited their review only to the findings of the administrative boards and commissions. See 3 A. Larson, *The Law of Workmen's Compensation*, § 80.12 (1976). More recently, however, Professor Davis in his treatise recognized that a reviewing court which is in doubt about whether the findings are supported by substantial evidence may properly take into account, for what it seems to be worth, the fact that an experienced hearing officer who saw and heard the witnesses made the findings that he did. 2 K. Davis, *Administrative Law Treatise*, § 10.04 (1958); see also, 2 Am. Jur. 2d, *Administrative Law*, § 690 (1962).

Idaho is one of a number of states where the courts have parted with the longstanding general rule which blindly requires reviewing courts to ignore the findings made by administrative hearing officers. The Idaho Supreme court has adopted the view that it is not bound by the Idaho Industrial Commission's findings when the Commission does not hear and see the witnesses. See *Mata* v. *Broadmore Homes*, 95 Idaho 873, 522 P. 2d 586 (1974), and *Clay* v. *Crooks Industries*, 96 Idaho 378, 529 P. 2d 774 (1974). Similar views to that expressed by the Idaho court have been adopted in other jurisdictions when courts have reviewed administrative board or commission decisions on appeal. See *Redding* v. *Cobia Boat Company*, 389 So. 2d 1003 (Fla. 1980); *Powell* v. *Industrial Commission*, 4 Ariz. App. 172, 418 P. 2d 602 (1966); *Universal Cyclops Corporation* v. *Workmen's Compensation Appeal Board*, 9 Pa. 176, 305 A. 2d 757 (1973). I should note, in passing, the courts in Florida and Pennsylvania apparently followed the traditional or general rule until their respective legislatures modified their state laws dealing with the review of workers' compensation cases.

In Arkansas, our statutory law provides that the findings of the Board of Review as to the facts shall be conclusive. Ark. Stat. Ann. § 81-1107 (d) (7) (Supp. 1981). However, when the Board reviews the decision of an Appeal Tribunal, it may do so on the evidence previously submitted to the Tribunal or it may direct additional evidence be submitted. Ark. Stat. Ann. § 81-1107 (d) (3) and (4) (Repl. 1976). There is nothing in our law which precludes or prohibits the Board from seeing and hearing witnesses, especially if credibility is an issue.

These same conclusions are true when reviewing our Workers' Compensation laws. For example, Ark. Stat. Ann. § 81-1325 (Supp. 1981) provides, in effect, that the findings of fact made by the Commission, within its power, shall be conclusive and binding on our court on appeal. When the Commission reviews a decision made by an Administrative Law Judge, it does so by reviewing the evidence previously submitted to the judge, and if it deems advisable, the Commission may hear the parties, their representatives and witnesses. Ark. Stat. Ann. § 81-1323 (b) (Repl. 1976).

In sum, our Employment Security Board of Review and Workers' Compensation Commission are authorized on the review of cases to call and hear witnesses. When the primary or sole issue on appeal becomes one of credibility of the witnesses, I believe the findings of the Board or Commission should not be binding on our courts unless that Board or Commission heard or saw the witnesses. In cases where they fail to call and hear the witnesses, I would adopt the rule that special weight should be given the findings of the hearing examiner who observed the demeanor of the witnesses. I believe the statutory procedures which outline this court's role of review in Employment Security and Workers' Compensation cases permit us to require such a rule. At the least, I feel the Arkansas General Assembly should adopt a law which appropriately modifies our review in cases where credibility of witnesses appears to be the sole or primary question. Meanwhile, I would reverse this cause because the Board failed to hear and see the witnesses, and the Appeal Tribunal was in a superior position to decide this case.

I am authorized to state that Judge COOPER joins in this dissent.