Royce GRIGSBY *v.* William F. EVERETT, Director
of Labor, and IDEAL DISTRIBUTING CO.

E 82-329                                        649 S.W.2d 404

Court of Appeals of Arkansas
Opinion delivered May 4, 1983

*Pickens, Boyce, McLarty & Watson,* by: *James A.
McLarty,* for appellant.

*Friday, Eldredge & Clark,* by: *James W. Moore* and *Michael S. Moore,* for appellee Ideal Distributing Co.

*Alinda Andrews,* for appellees.

TOM GLAZE, Judge. This is an Employment Security Division case in which the claimant appealed from a decision of the Board of Review finding him ineligible for unemployment benefits under Ark. Stat. Ann. § 81-1106 (b) (Repl. 1976). Appellant's sole point for reversal is that the decision of the Board of Review, finding that claimant committed misconduct in connection with the work, is not supported by substantial evidence.

The claimant was a delivery man who had worked for the Ideal Bread Company (Ideal) for twenty-three and one-half years prior to his dismissal on May 29, 1982. His termination was predicated on the allegations of a grocery store manager who reported to Ideal that the claimant attempted to steal a three-pound can of coffee from the manager's store on May 29, and that he had padded the store's account on May 28 by charging for items not delivered.

At a hearing before the Appeal Tribunal, the claimant denied both allegations. Concerning the May 29 incident, he said that he put a can of coffee on top of his bread rack when he was in the store making a delivery. He contended that he was going to pay for the coffee but was stopped by the store manager before he had a chance to do so. The claimant also maintained that each item charged to the store had been delivered and that he had never padded the store's account.

The store manager, on the other hand, testified that he saw the claimant put the coffee on his bread rack and head toward the back door at which time the manager stopped him. The manager also said that he had checked claimant's May 28 ticket after he had left and discovered a number of items charged that were not delivered.

After the hearing, the Tribunal found that claimant was discharged for reasons other than misconduct in connection with the work within the meaning of Employment Security Law. In his decision the Tribunal noted:

[T]he testimony and the exhibits presented at the hearing were of a contradictory nature, but it is found that the greater weight of the evidence shows that the claimant committed no willful or intentional act of dishonesty nor did he specifically act against the employer's best interest. At the very worst his conduct may have shown poor judgment but not an intentional and deliberate disregard of his employer's best interest.

The Board reversed the Appeal Tribunal and found the claimant ineligible for benefits. Although it did not state its findings as precisely or in as much detail as the Appeal Tribunal, the Board apparently found that the greater weight of the evidence supported the employer's position. While the decision below largely turned on the witnesses' credibility, the question before this Court is one of substantial evidence.

We review the findings of fact of the Board of Review in a light most favorable to the successful party and affirm if supported by substantial evidence. *Arlington Hotel* v. *Employment Security Division,* 3 Ark. App. 281, 625 S.W.2d 551 (1981). Even if there is evidence upon which the Board might have reached a different result, the scope of our review is limited to a determination of whether the Board could reasonably reach its result upon the evidence before it, and we are not privileged to substitute our findings for those of the Board even though we might have reached a different conclusion if we had made the original determination upon the same evidence. *Id.* The credibility of witnesses and the weight to be accorded their testimony are matters to be resolved by the Board of Review. *Daniels* v. *Hillcrest Homes, Inc.,* 268 Ark. 576, 594 S.W.2d 64 (Ark. App. 1980).[1]

The Board reviewed the evidence taken before the Tribunal which, in large part, was a swearing match on the determining issues — whether the claimant attempted to steal a can of coffee on May 29, and whether the claimant padded the account when he made deliveries to the store on

---

[1]In *Hamby* v. *Everett,* 4 Ark. App. 52, 627 S.W.2d 266 (1982), this writer and Judge Cooper dissented and decried the well-established rule giving the Board the right to weigh the credibility of witnesses.

May 28. Unlike in a criminal proceeding, whether the claimant did both or either of the two acts charged need not be proved beyond a reasonable doubt. Instead, the employer is only required to show by a preponderance of the evidence that one of the charges of misconduct occurred. The Board concluded that the evidence preponderated in favor of the employer, and in doing so, obviously believed the store manager's version of the events that took place on May 28 and 29. Considering the conflicting testimonies given in this cause, we have no problem finding that there was substantial evidence to support the Board's decision once it resolved the credibility issues against the claimant. Therefore, we affirm.

Affirmed.

COOPER, J., concurs.

CORBIN, J., dissents.

JAMES R. COOPER, Judge, concurring. I concur in the result reached by the majority opinion, and in its reasoning, only because the legislature has seen fit to require this Court to allow the Board of Review to weigh conflicting testimony of witnesses and determine credibility questions, even though the Board has had no more contact with the witnesses whose testimony is in conflict than has this Court. This is another classic example of a situation where the Appeal Tribunal referee, who actually saw the individuals, found in favor of the appellant. The Board, in the process of weighing "credibility", never having seen the appellant, determined that his testimony was not as worthy of belief as that of the representatives of his employer.

Although the result we reach in the case at bar is mandated by our standard of review, the standard of review on credibility questions makes no sense and is patently unfair to the prevailing party at the Appeal Tribunal level, whose credibility is discounted by a Board which has never had the opportunity to actually determine his credibility except from a cold record. For additional comments, see *Hamby* v. *Everett*, 4 Ark. App. 52, 627 S.W.2d 266 (1982) (Dissenting Opinion).