LAKESIDE SCHOOL *v.* Martha HARRINGTON
and William F. EVERETT, Director of Labor

E 82-352                                      649 S.W.2d 847

Court of Appeals of Arkansas
Opinion delivered May 11, 1983

Appellant, *pro se.*

*Alinda Andrews,* for appellee.

JAMES R. COOPER, Judge. In this unemployment compensation case, the appellee, Martha Harrington, was denied benefits by the Agency and the Appeal Tribunal on a finding that her involvement in a "toga party" and her subsequent arrest for possession of marijuana constituted "misconduct in connection with the work". The Board of Review reversed. From that decision, the employer, Lakeside School, brings this appeal.

Ms. Harrington was an officer in the Central Arkansas Social Club. The Social Club held a "toga party" in Little Rock on May 15, 1982. Several undercover police officers were also in attendance at the party, and, as a result of their investigation, several individuals were arrested, including the appellee. Ms. Harrington was charged with possession of marijuana.

On the Monday morning following the arrest, Ms. Harrington reported to the principal of the Lakeside School,[1] and she explained the circumstances surrounding her arrest. Following the meeting, she was suspended from her job, and she was subsequently terminated. The criminal charges against her were ultimately dismissed because the evidence was misplaced.

On appeal, Lakeside School argues that, as a result of the substantial publicity generated by the "toga party", Ms. Harrington's admission to the principal that she had smoked marijuana at the party, and her position as an officer of the Social Club, the school was justified in discharging her for "misconduct in connection with the work", and, therefore, she should be denied unemployment benefits

---

[1]The Lakeside School is located in Garland County, Arkansas, and the appellee was employed there as an elementary school secretary.

under Ark. Stat. Ann. § 81-1106 (b) (1) (Repl. 1976). The appellant further argues that the Board's decision granting benefits to Ms. Harrington was in error because the Board apparently based its decision on the fact that Ms. Harrington was acquitted in circuit court on charges of possession of marijuana. We agree with the appellant that the Board erred in basing its decision solely on Ms. Harrington's acquittal.

Arkansas Statutes Annotated § 81-1106 (b) (1) (Repl. 1976) provides that a worker is disqualified from receiving unemployment compensation benefits if the worker was discharged from his last work for "misconduct in connection with the work". In *Hodges* v. *Everett*, 2 Ark. App. 125, 617 S.W.2d 29 (1981), this Court outlined the general rule with regard to work related misconduct and stated:

> The general rule is that misconduct, within the meaning of the unemployment compensation act excluding from its benefits an employee discharged for misconduct, must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of its employees. *Stagecoach Motel* v. *Krause*, 267 Ark. 1093, 593 S.W.2d 495 (1980).

This Court is required to view the evidence in the light most favorable to the decision reached by the Board, and to affirm the decision of the Board if it is supported by substantial evidence. *Harris* v. *Daniels*, 263 Ark. 897, 567 S.W.2d 954 (1978). Whether the conduct of a worker constituted "misconduct in connection with the work" so as to disqualify the worker from receiving benefits is a question of fact which is to be determined by the Board. *Arlington Hotel* v. *Employment Security Division*, 3 Ark. App. 281, 625 S.W.2d 551 (1981). However, in the case at bar, the Board never reached the main issue in the case, *i.e.*, whether Ms. Harrington's actions constituted "misconduct in connection with the work". The Board ruled, as a matter of law, that since the criminal charges were dismissed there could be no finding of misconduct. The Board stated:

The Board of Review finds from a study of the record that the claimant was discharged from her job for reasons other than misconduct connected with the work. While the Board understands the implication of impropriety, the charges against the claimant were dismissed and the claimant was found not guilty. Based on the Circuit Court ruling, there can be no finding of misconduct.

We hold that Ms. Harrington's acquittal on the criminal charges does not preclude a finding by the Board that her actions constituted "misconduct in connection with the work." Likewise, a conviction on the charges in the case at bar would not necessarily require a finding by the Board that Ms. Harrington was guilty of misconduct in connection with her work. The disposition of criminal charges is a factor which the Board may consider in determining whether a worker's actions constituted "misconduct in connection with the work", but it does not decide the issue. "Unlike in a criminal proceeding, whether the claimant did both or either of the two acts charged need not be proved beyond a reasonable doubt. Instead, the employer is only required to show by a preponderance of the evidence that one of the charges of misconduct occurred." *Grigsby* v. *Everett*, 8 Ark. App. 188, 649 S.W.2d 404 (1983). The case is reversed and remanded to the Board for a determination as to whether Ms. Harrington's actions constituted "misconduct in connection with the work".

Reversed and remanded.