ARKANSAS MIDLAND RAILROAD *v.*
DIRECTOR, ESD, et al.

E 03-269                                    191 S.W.3d 544

Court of Appeals of Arkansas
Division II
Opinion delivered September 15, 2004

*Gill, Elrod, Ragon, Owen & Sherman, P.A.*, by: *Marie B. Miller* and *Chad M. Avery*, for appellant.

*Phyllis Edwards*, for appellees.

JOHN F. STROUD, Chief Judge. This is an ESD case. The claimant, appellee Darrel Cason, was discharged from his employment with appellant, Arkansas Midland Railroad, because of a random drug test that showed that his urine sample had been adulterated with chromium. Under appellant's employment policies, an employee who tampered with a urine sample was considered to have refused to take the drug test, and any employee who refused to take a drug test was to be notified of his termination. When appellee Cason applied for unemployment benefits after his discharge, he was denied based upon a finding that he had been discharged for misconduct. Cason appealed that denial, and the Appeal Tribunal reversed, concluding that there was not sufficient evidence to prove that Cason had adulterated the urine sample. Appellant appealed that decision, contending that the Arkansas ESD lacked jurisdiction over the case and that sufficient evidence had been presented to prove that Cason had engaged in misconduct. The Board of Review determined that jurisdiction was proper and adopted the Appeal Tribunal's decision. We affirm.

The facts of this case are essentially undisputed. Appellee Cason was employed as a train engineer for appellant. On December 5, 2001, he was tested for drugs after he "drove his engine through a switch that was against him." He did not test positive for drugs at that time. On December 11, 2001, he was selected to be tested as part of his employer's random drug-testing policy. Cason was not able to produce his urine sample immediately, so he gave his cup to the test administrator. The cup was then placed on a shelf in the restroom and appellant left that area. Several other employees entered and left the restroom. Appellant returned in forty-five minutes. He was given his original sample cup, and he testified that he thought that he was observed as he produced his sample. He was not asked to empty his pockets or to wash his hands before producing the sample, two steps required by the drug-testing policy, presumably to ensure an unpolluted sample.

On December 18, Cason was contacted by the medical-review officer. He was told that the test showed that his urine sample had been adulterated with chromium. He was also informed that the adulterated sample could have been caused by several things: 1) that he added something to the sample that adulterated it; 2) that the sample was adulterated by the environment, which included various cleaning chemicals on the shelf where the cup remained for forty-five minutes; 3) that the cup

itself might have been contaminated; or 4) that there could have been a contaminant on his unwashed hands.

Cason informed his supervisor that there was a problem with the sample and that he needed to have the second, "split," sample tested. He was told that an adulterated test was the equivalent of a refusal to take the test, and that he was accordingly discharged in compliance with company policy. He was told that he could appeal the decision and pay the $200 cost of testing the second sample. Cason chose not to pay the fee for a second test.

For its first point of appeal, appellant challenges the employment security department's "jurisdiction to award railroad unemployment benefits" to appellee Cason. We find no error in the Board's conclusion that its jurisdiction was proper. Moreover, we specifically note appellee ESD's acknowledgment in its brief that it has awarded Cason only Arkansas unemployment benefits and that it has no jurisdiction to award benefits based on railroad wages.

In refuting appellant's claim that Arkansas lacks jurisdiction in this case, the Board recognized that 45 U.S.C. § 363 (2000) provides that a claimant may not file a claim for unemployment benefits under the laws of the individual states if the claimant's claim for benefits is "based upon" employment with a railroad. The Board then explained that, as it related to unemployment, the term "based upon" meant the basis upon which the claimant was able to establish a claim for benefits. It further explained that the issue then became "whether [Cason's] ability to establish a valid claim for benefits stems from his employment with the last employer, which was a railroad, or instead rests on his employment with those employers contained within his base period, *which are not railroads*." (Emphasis added.) The Board concluded that Cason's claim for benefits was based upon the employment contained within his base period (non-railroad employment), and not from his last work (railroad employment). The Board acknowledged that a claimant's separation from his last work determined his/her eligibility to receive benefits, but explained that eligibility for benefits and the ability to file a claim for benefits were two distinctly different things and that it was the employment within the base period that governed the claimant's ability to file a claim, not the nature of his last work.

■ The Board compared Cason's situation to the jurisdictional question that arises when a claimant has had employment within two or more states:

> A similar jurisdictional question arises when a claimant has had employment within two or more states. When a claimant files a claim for benefits, before any consideration is given to the claimant's separation from last work, the Department must determine if the claimant can even establish a monetary claim for benefits, and if so, which state shall have jurisdiction over the claim. This is done by examining the employment and wages contained within the claimant's base period, regardless of the nature or location of his last work. . . . It is this base period, and not the location of the last work, which determines which state shall have jurisdiction. For example, if all of the claimant's wages within his base period are from employment within the State of Arkansas, then Arkansas has both jurisdiction and liability over the claimant's claim for benefits, regardless of whether or not the claimant's last work was located within another state. Similarly, in the current case, all of the claimant's wages within his base period are from employment with non-railroad employers. Thus, the fact that the last employer was a railroad does not alter the fact that the claimant's ability to establish a claim, as distinguished from his eligibility to receive benefits, is based upon his employment with the non-railroad employers, and not upon the nature of his last work.

We find that this analogy is sound, and because it is undisputed that only non-railroad wages from Cason's base period were used to determine the basis for his claim, we agree with the Board that jurisdiction was properly exercised in this case.

For its remaining point of appeal, appellant contends that the Appeal Tribunal and Board of Review erred in finding that appellant had failed to present sufficient evidence to establish that Cason was fired for reasons amounting to misconduct. We disagree.

Arkansas Code Annotated section 11-10-514 (Repl. 2002) provides in pertinent part:

> (a)(1) If so found by the Director of the Arkansas Employment Security Department, an individual *shall be disqualified for benefits if he or she is discharged from his or her last work for misconduct in connection with the work.*

> . . .

> (b) If he or she is discharged from his or her last work for misconduct in connection with the work on account of dishonesty,

drinking on the job, reporting for work while under the influence of intoxicants, including a controlled substance, *testing positive for illegal drugs pursuant to a United States Department of Transportation-qualified drug screen conducted in accordance with the employer's bona fide written drug policy,* or willful violation of bona fide rules or customs of the employer pertaining to the safety of fellow employees, persons, or company property, he or she shall be disqualified from the date of filing the claim until he or she shall have ten (10) weeks of employment in each of which he or she shall have earned wages equal to at least his or her weekly benefit amount.

(Emphasis added.)

■ In *Maxfield v. Director, AESD,* 84 Ark. App. 48, 54, 129 S.W.3d 298, 302 (2003), we explained:

Arkansas Code Annotated section 11-10-514(a)(1) (Repl. 2002) provides that an individual "shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work." The employer has the burden of proving misconduct by a preponderance of the evidence. *Grigsby v. Everett,* 8 Ark. App. 188, 649 S.W.2d 404 (1983).

■ The findings of the Board of Review are conclusive if they are supported by substantial evidence. *Billings v. Director, ESD,* 84 Ark. App. 79, 133 S.W.3d 399 (2003). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.* We review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could reasonably reach its decision upon the evidence before it. *Id.*

■ Here, the Board found in pertinent part:

[T]he Board notes that the employer has the burden of proving misconduct by a preponderance of the evidence. The evidence in the current case does not meet this burden. The evidence indicates that although it is possible that the claimant's actions caused the urine sample to be altered, it is just as possible that the alteration was caused by something apart from the claimant. There is simply insufficient evidence to show that the claimant's actions either

caused, or were the most likely cause of, the alteration of the urine sample. Therefore, the decision of the Appeal Tribunal, which reversed the Department determination, is affirmed on the finding that the claimant was discharged from last work for reasons which do not constitute misconduct in connection with the work.

(Citation omitted.) We conclude that the Board could reasonably reach this opinion based upon the evidence that was before it.

Affirmed.

HART and VAUGHT, JJ., agree.