CUMMINGS *v.* STATE.

5134                                                                396 S. W. 2d 298

Opinion delivered November 29, 1965.

*Skillman & Webb,* for appellant.

*Bruce Bennett,* Atty. General, By: *Farrell E. Faubus,* Asst. Atty. General, for appellee.

ED. F. McFADDIN, Associate Justice. The appellants, Jesse Cummings and John Teal, were jointly charged, tried, and convicted of the possession of burglary tools (Ark. Stat. Ann. § 41-1006 [Repl. 1964]). They bring this appeal assigning nine points for reversal, and we will mention only those which seem to possess any merit.

I. *Habitual Criminal Statute.* In their Point No. II the appellants say:

"The Court erred in denying the motion of the Defendant, John Teal, to withhold reading of that part of the amended information relative to a charge against the said John Teal of being an habitual criminal until after the jury had determined the guilt or innocence of the Defendant, John Teal."

We find merit in this point. The information charged the defendants jointly with possessing a considerable number of burglary tools. In excess of fifteen items were all carefully listed. Then the information said, as regards the previous conviction of John Teal:

"The said John Teal, alias J. M. Billy Teal, an habitual criminal having previously, in cause No. 3162, been convicted in the Osceola District of Mississippi County, Arkansas, Criminal Division of the Circuit Court, of the Crime of Grand Larceny, such conviction having been on March 30, 1950, and said defendant having served such sentence and released upon pardon or parole as reflected in Criminal Judgment Record Book No. 5, Page 74."

The Trial Court, in the exercise of its discretion (Ark. Stat. Ann. § 43-1802 [Repl. 1964]), refused to grant the defendants a severance; and then in advance of the trial each defendant requested the Court to suppress, until guilt or innocence had been established, all reference to the habitual criminal allegation concerning

John Teal. These separate requests of Teal and Cummings were denied *in toto*.[1] In the course of the trial the previous conviction record of Teal was shown; the Court instructed the jury on the habitual criminal statute; and the Prosecuting Attorney in his summation to the jury commented on the previous criminal record of Teal. All of this was done over the objections of the defendants.[2]

On October 18, 1965 we decided the case of *Miller et al.* v. *State of Arkansas* (239 Ark. 836, 394 S. W. 2d 601), in which we discussed at length the habitual criminal statute and how any reference to previous convictions should be handled in jury trials. Under the holding in *Miller* v. *State* it is clear that the Trial Court committed error in the case at bar in allowing the evidence, instructions, and arguments to go to the jury about the previous conviction of Teal. It is only fair to the learned Circuit Judge to point out that this present case was tried on December 2, 1964, which was several months before our holding in *Miller* v. *State* on October 18, 1965. But, even so, the present appellants are entitled to claim the benefits of our holding in the Miller case.

Even though Teal was the only defendant with a previous criminal record alleged, we feel that the proof of Teal's criminal record likewise adversely affected the interest of his co-defendant Cummings. Cummings had been denied a severance, and the jury might have inferred that Cummings' association with a known criminal was some indication of his own status. In *Moore et*

[1] The Court order regarding Teal reads as follows: "Now on this 1st day of December, 1964, comes on to be heard the motion of the Defendant, John Teal, to suppress Reading of Habitual Criminal Allegation until Guilt or Innocence has been Determined; the Court, after hearing argument of counsel, and other things, matters and proof before the Court, finds the motion to be without merit and the same is hereby denied. The exceptions to the ruling of the Court and the Defendant's reasons therefor have been duly entered on the record of this cause and made a part of the record."
The Court order regarding Cummings is similar to the above.

[2] On Tr. 180, just before the instructions to the jury, this occurred: "MR. SKILLMAN: Your Honor, did His Honor understand, we renewed the motions heretofore made, we made previous to this time that were considered and ruled on by the Court prior to the impanelling of the jury. We are renewing the motions.
"THE COURT: I understood, you are not waiving the motions."

*al.* v. *State,* 227 Ark. 544, 299 S. W. 2d 838, four defendants were jointly tried, and we held that the introduction of evidence incompetent as to two of the defendants was prejudicial to the other two defendants. So we reverse the convictions both as to Cummings and as to Teal.

II. *Exhibition Of Pistol.* Appellants say in their Point No. V:

"The Court committed error in permitting a .38 caliber pistol to be exhibited to the jury without same being introduced into evidence or identified by the witness, Charles Faulkner."

There is no need for us to recite in detail all of the various matters about this particular pistol and how it was exhibited to the jury. The point is that the pistol was not admitted in evidence; and until it was admitted it should not have been exhibited before the jury. We do not reverse the case because of this point; but in view of the likelihood of a new trial we call attention to what was said by us regarding showing a pistol to the jury in *Rush* v. *State,* 238 Ark. 149, 379 S. W. 2d 29:

"The very fact that the pistol was admitted in evidence could have had a tendency to confuse the jury, notwithstanding there is no contention on the part of the State that the pistol was used in the killing. In these circumstances we do not think the pistol was admissible in evidence. *Everett* v. *State,* 231 Ark. 880, 333 S. W. 2d 233."

We have examined all the points urged by the appellants, and find none to possess merit except the two mentioned.

Reversed and remanded for a new trial.