BROWN JORDAN, A Division of SCOTT
PAPER CO. *v.* Claude DUKES and
Charles DANIELS, Director of Labor

CA 79-298                                    600 S.W. 2d 21

Court of Appeals of Arkansas
Opinion delivered May 7, 1980
Released for publication May 28, 1980

*Pickens, Boyce, McLarty & Watson*, by: *James A. McLarty*, for appellant.

*Michael E. Surguine*, for appellee Claude Dukes.

DAVID NEWBERN, Judge. Appellee Dukes was accused of setting off fireworks in the appellant's plant where Dukes worked as a welder. Dukes was discharged, and he was denied unemployment compensation benefits because it was found by the referee he had been discharged for misconduct Ark. Stat. Ann. § 81-1106(b)(2) (Repl. 1976). The board of review reversed, finding Dukes was discharged for reasons other than misconduct.

The evidence before the referee was a swearing match between a company supervisor and Dukes and some of his fellow workers. The supervisor's statement was that, from a concealed position, he saw an employee named Walker hand some items wrapped in brightly colored paper to Dukes and that he then saw Dukes light a fuse and throw some fireworks into the air. The supervisor was not present at the hearing, but his signed statement was accepted into evidence. Statements by other employees were also entered, each saying he had no knowledge that Dukes shot fireworks in the plant. Some identified themselves as persons who worked in the same area of the plant as Dukes.

Walker, the employee who allegedly handed the fireworks to Dukes did not testify, and no statement from him was entered. The referee made a point of questioning Dukes as to why he had no testimony from Walker.

After the hearing, based upon which the referee held for the appellant, Brown Jordan, Dukes appealed to the board of review and sent to the board a statement signed by Walker saying he had given no fireworks to Dukes. The board then reversed. The appellant had no knowledge of the Walker statement until it received the board's decision.

The only point asserted for reversal is that the appellant was denied due process when the board considered a statement not in evidence before the referee and as to which the appellant had neither notice nor opportunity to rebut.

The appellees cite the following portion of Ark. Stat. Ann. § 81-1107(d)(4) (Repl. 1976):

> Procedure. The Board of Review, appeal tribunals and special examiners shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but any heraing or appeal before such tribunals shall be conducted in such manner as to ascertain the substantial rights of the parties.

The statute also provides:

. . .

> Upon review on its own motion or upon appeal, the Board may on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify or reverse the findings and conclusions of the appeal tribunal. [Ark. Stat. Ann. § 81-1107(d)(3) (Repl. 1976)]

. . .

It is clear to us the statute does not permit the board to consider evidence of which a party has not been apprised. This "additional evidence" was not "previously submitted." We interpret "previously submitted" to mean submitted in some previous hearing at which either party would have an opportunity to question or support it. Neither did the board "direct [it] be taken." The statement in question here was just sent to the board by a party without invitation by the board or notice to the appellant. This failure to comply with the statute makes it unnecessary to get to the obvious due process deprivation which occurred in this case.

The appellees argue this was harmless error because there is substantial evidence of record, even excluding Walker's statement, to support the decision. We cannot agree the error was harmless, as the board of review emphasized that very statement in its determination in favor of the appellee Dukes. The relaxation of the rules of evidence in administrative agency determinations does not permit an agency to ignore its statutory limits or fundamental fairness. Our supreme court has determined error occurred when an administrative agency failed to give a party adequate time to obtain rebuttal evidence. *Pub. Service Comm'n* v. *Continental Tel. Co.*, 262 Ark. 821, 561 S.W. 2d 645 (1978). The error in considering evidence of which a party had no notice is, of course, far more egregious.

The board of review's decision is reversed, and the case is remanded for the taking of further evidence, including that

of Jimmy Walker, which either party may wish to submit, assuring that notice of any further evidence to be considered is given to each party.

HOWARD, J., dissents.

GEORGE HOWARD, JR., Judge, dissenting. In order to place the issue in its proper perspective, the following additional facts are set out:

Claude Dukes, the claimant and a black employee, and Jimmy Walker, a white employee, were suspended for allegedly shooting off fireworks in appellant's plant — Jimmy Walker purportedly passed the fireworks to Claude Dukes, who purportedly lighted the fireworks with his cigarette lighter. Jimmy Walker was permitted to return to work before his suspension officially terminated, while Claude Dukes was discharged from appellant's work force at the end of the suspension. Claude Dukes, while denying that he set off any fireworks, also claimed that he had been discriminated against, testifying ". . . picked me out of the bunch because I was the only black there and they picked me out of the bunch."

While the Appeals Tribunal found that claimant, Claude Dukes, was discharged from his last employment on account of willful violation of the employer's safety rules, the pivotal point of the action of the Board of Review in reversing the Appeals Tribunal was:

> "The incriminating, but unsubstantial and somewhat speculative hearsay evidence to the contrary is considered insufficient to establish reasonable grounds for finding of claimant's misconduct in connection with the work on account of willful violation of the rules or customs of his employer pertaining to the safety of employees or company property."

Although these additional facts present an issue involving Federal Rights guaranteed to the claimant under *Title VII of the Civil Rights Act of 1964*; Title 42 § 1981; *Sanders v. Dobbs Houses, Inc.*, C.A. Ga. 1970, 431 F. 2d 1097, cert.

denied 91 S. Ct. 935, 401 U.S. 948; *Waters* v. *Wisconsin Steel Workers of International Harvester Co.*, C.A. Ill. 1970, 427 F. 2d 476, cert. denied 91 S. Ct. 137, 400 U.S. 911, the issue for resolution is whether the finding of the Board of Review is supported by substantial evidence.

In *Lackey* v. *Director, Arkansas Employment Security Division*, CA 267 Ark. 245, and *Teegarden* v. *Director, Arkansas Employment Security Division*, CA 267 Ark. 249 (opinions delivered December 12, 1979), we said:

> "[T]he findings of fact made by the Board of Review in cases of this nature (Employment Security Cases) are conclusive on appeal if supported by substantial evidence. Therefore, the question here is whether there is substantial evidence to support the determination of the Board of Review."

In *Teegarden*, the claimant claimed that she was misled by the notice she received of the issues to be considered by the examiner-referee and as a consequence, she was precluded from submitting evidence to support her claim of entitlement to benefits. In affirming the decision and rejecting the claimant's argument, we said:

> ". . . [T]he procedural error, if any, was harmless. Appellant placed before the Board of Review everything she then wished to have in the record. We are at a loss to know what additional evidence she could present on the point (of her efforts seeking work during the period involved) if this case was remanded. Appellant's counsel has not enlightened us as to what additional facts he seeks to present on remand. Under those circumstances, it would be useless to remand this case for further evidence . . ."

*See also: Terry Dairy Products Co., Inc.* v. *Cash, Commissioner of Labor*, 224 Ark. 576, 275 S.W. 2d 12 (1955).

The majority has characterized the evidence before the Referee as "a swearing match between a company supervisor

and Dukes and some of his fellow workers.", but the record does not support this characterization.

The only persons to testify under oath were Mike McKee, Union Steward, Gerald Darnell, personnel manager, who had no personal knowledge of the incident and Claude Dukes, the claimant. But Gerald Darnell testified about what he had been told about the incident by the superintendent, Frank Pridmore, who was on vacation at the time of the hearing and left an unsworn statement purportedly setting out what he had observed. The only testimony given by Gerald Darnell of any probative value not only refutes the written statement of Pridmore, but corroborates the testimony of the claimant. For example, Gerald Darnell stated that he had talked personally with Jimmy Walker and that Mr. Walker made the following statements:

REFEREE: And what did Mr. Walker say?

DARNELL: Oh just that he didn't do it, and that's basically it.

REFEREE: Well, I mean about giving any of the goods, whatever you want to call them, to Mr. Dukes.

DARNELL: He just denied it.

REFEREE: He also denied that too?

DARNELL: Yes, uh huh.

It is plain that the effort to project a "due process" of law issue in this case under the pretext that "appellant had neither notice nor opportunity to rebut"', Walker's purported written statement is but a red herring. Appellant's own witness, Gerald Darnell, offered testimony that is identical to the statement that appellant now objects to.

Counsel for appellant has not demonstrated in any way how he has been prejudiced as a consequence of the statement having been submitted to the Board of Reivew. If, by receiving the statement, procedural error occurred, it is

harmless error and is not a ground for reversal. *Keathley* v. *Yates*, 232 Ark. 473, 338 S.W. 2d 335; *Christmas* v. *Raley*, 260 Ark. 150, 539 S.W. 2d 405. The harmless error rule applies with equal force when the purported error is of constitutional proportions. *Chapman* v. *California*, 386 U.S. 18, 87 S. Ct. 824 (1967), reh. den. 386 U.S. 987, 87 S. Ct. 1283; *Gilbert* v. *California*, 388 U.S. 263, 87 S. Ct. 1951.

It is clear, from a careful review of the record, that there is substantial evidence to support the finding of the Board of Review. For example:

1. Claimant denied, under oath, that he discharged any fireworks.

2. Gerald Darnell, while testifying under oath, had no personal knowledge of the incident and further testified that Jimmy Walker denied passing any fireworks to claimant and further denied that claimant had discharged any fireworks.

3. On the date of the hearing before the Referee, six written statements were submitted by fellow-employees of claimant, stating that claimant did not discharge "any fireworks of any kind or description."

4. Franklin V. Pridmore, Plant Superintendent, who purportedly saw Jimmy Walker pass fireworks to the claimant and later saw claimant light the fireworks, did not even appear for the hearing, but was on vacation. The statement executed by him on August 8th, a day before the hearing, was not sworn to. Moreover, it is interesting to note that Mike McKee testified that "He (Franklin V. Pridmore) was in the shop today (date of the hearing conducted by the referee) I think."

I would, accordingly, affirm the action of the Board of Review in permitting claimant to receive unemployment benefits.