Ruth IRELAND *v.* Charles L. DANIELS, Director
of Labor, and BREAD BASKET #1

E 80-197                                    616 S.W. 2d 33

Court of Appeals of Arkansas
Opinion delivered May 27, 1981

*Michael G. Rothman*, for appellant.

*Bruce H. Bokony*, for appellees.

Tom Glaze, Judge. In this employment security benefits case, the claimant was held to have been disqualified from benefits pursuant to Ark. Stat. Ann. § 81-1106(a) (Supp. 1979), for the reason that "she left her last work voluntarily because of an illness or other disability but *without making reasonable efforts to preserve her job rights*." (Emphasis supplied.)

Claimant worked as manager for Bread Basket #1 in Hot Springs from October, 1977, until February 11, 1980, when she suffered a heart attack and was hospitalized. On the night of February 11, the employer, Steve Marovich, went to see claimant at the hospital, and while there, Marovich informed the family that the claimant would be replaced if she could not return to work within twelve days. Although her family did not tell the claimant during her two week stay at the hospital what Marovich had said, claimant learned from her co-employees on the day she was released from the hospital that she was being replaced at work the next day. The claimant's doctor told her that she would not be able to return to work until June, 1980. She testified that she never did ask the employer for a leave of absence because the employer did not grant leaves.

The claimant filed for unemployment benefits on June 9, 1980, and the Agency denied her claim under Ark. Stat.

Ann. § 81-1106(a) (Supp. 1979). She then appealed to the Appeal Tribunal, which affirmed the Agency determination that the claimant had voluntarily quit due to an illness but had failed to make reasonable efforts to preserve her job rights. Specifically, the Tribunal stated:

> The claimant last worked for the above-named employer on February 11, 1980, and was then hospitalized for two weeks after suffering a heart attack. The day after being released, she heard from several employees that she had been replaced, but did not contact the employer in an effort to determine whether such was true. A week after being released her daughter informed her that the employer had indicated she would be replaced if she did not return to work within 12 days of her heart attack. She did not contact the employer or, indeed, at any time throughout, to request a leave of absence or otherwise attempt to protect her job. She failed to do so because she just knew the employer did not grant leaves.

Claimant denied that she quit her job, both at the hearing and in her appeal to the Board of Review. At the hearing before the Appeal Tribunal, the claimant asked the Referee to contact Marovich, who would confirm that she was terminated while in the hospital. The Referee refused to do so, saying that it had never been the practice of the Appeal Tribunal. We feel that it was error for the Referee to refuse claimant's request. The claimant should have been informed, instead, that the hearing could be continued at her request and the witness subpoenaed.

In *Cross* v. *Daniels*, 271 Ark. 201, 607 S.W. 2d 680 (Ark. App. 1980), we held that it was error not to subpoena a witness requested by the claimant. In that case, the claimant was disqualified upon the same basis as we have here, *i.e.*, "he quit his last work because of illness, injury, or other disability but did not make reasonable efforts to preserve his job rights prior to quitting." The claimant, while at the hearing, requested that one of his superiors be subpoenaed for the purpose of testifying. There, the Referee acknowledged his authority to grant a continuance but declined to

do so. He said he would hold another hearing if, after reviewing the evidence, he felt it necessary. No further hearing was held and the witness sought was neither subpoenaed nor heard. The court reversed and remanded with instruction to hold a further hearing after the witness sought by claimant had been subpoenaed to appear.

In the instant case, however, it will be unnecessary to remand for further hearing. The claimant's only purpose in requesting this witness was to corroborate her own testimony that she did not voluntarily quit, but instead was involuntarily terminated when she was unable to return to work within twelve days of her heart attack. There is nothing in the record nor in the findings by the Appeal Tribunal which would indicate that the Tribunal disbelieved the facts as the claimant related them. The testimony of the witness, therefore, would be cumulative of the evidence that the claimant did not voluntarily quit. A claimant who is terminated by an employer through no fault of her own is not bound to preserve her job rights as she is required to do when she voluntarily quits her employment. In the instant case, asking for leave of absence after the employer replaced her would have been a useless act which we do not see fit to require of her.

On that basis, we reverse with instruction to award benefits.

Reversed.