Hurley ASHCRAFT *v.* Paul QUIMBY and
ROCKWOOD INSURANCE COMPANY

CA 81-153                                  621 S.W. 2d 230

Court of Appeals of Arkansas
Opinion delivered September 23, 1981

*McMath & Leatherman, P.A.*, by: *Phillip H. McMath*, for appellant.

*Shackleford, Shackleford & Phillips*, for appellee.

GEORGE K. CRACRAFT, Judge. This is an appeal from a determination by the Workers' Compensation Commission that benefits claimed by the appellant had been barred by the statute of limitations provided in that act.

It was stipulated that the appellant sustained a compensable injury on May 28, 1974, while in the employ of the appellee, Paul Quimby. As a result of that injury to his hip the appellant underwent an operation in which four pins were inserted in his hip.

Following that surgery a disagreement arose between Drs. Blackwell and Logue as to whether or not he should have a total hip replacement at that time. In view of this disagreement a third opinion was sought of Dr. Sorrells. Dr. Sorrells agreed with Dr. Logue that total hip replacement should not be done at that time. All doctors agreed, however, that a total hip replacement might ultimately be required. In 1976 in a hearing before the Commission the administrative law judge stated in his opinion "the claimant will in all probability be in need of a total hip replacement in the future as a result of the compensable injury he suffered on May 28, 1974."

Thereafter on October 1, 1976, the Commission on an evaluation of forty percent permanent disability to the lower extremity, ordered that the claimant be paid a lump sum settlement for the balance of permanent partial disability. In May of 1977 the appellant underwent additional surgery for the insertion of a prostatic atroplasty of the left hip. Thereafter he returned on occasion to see Dr. Sorrells who furnished the last medical services to the appellant on March 29, 1978. No further medical services were sought by appellant until he returned to his original doctor in February of 1980. On March 11, 1980, total hip replacement surgery was performed.

On these facts the administrative law judge found that the last medical services furnished or compensation paid by anyone was March 28, 1978, and that no claim for additional services or compensation was made until February 1980. He concluded that Ark. Stat. Ann. § 81-1318 (b) barring by

limitation any claim made more than one year after the last payment of compensation or two years from the date of the injury is mandatory and that the earlier finding that hip surgery might become necessary did not toll the statute.

Appellant filed his notice of appeal to the full commission listing as his grounds (among other things):

That the operation of March 11th for which this claim is made was a continuing medical treatment as a result of the injuries incurred on May 28, 1974, and that said continuing treatment was within the knowledge of the employer and carrier and the carrier should be estopped from asserting the statute of limitations.

No mention of the ground for reversal now relied on was then made. The full commission affirmed the findings and conclusions of the law judge.

Appellant appeals asserting that the expenses of the total hip replacement were not subject to the limitations of § 81-1318 (b) but are specifically exempt from the time limitations as a prosthetic device. In support of this contention appellant relies upon the provision of that section which is as follows:

The time limitation of this section shall not apply to claims for replacement of medicine, crutches, artificial limbs and other apparatus permanently or indefinitely required as a result of a compensable injury, where the employer or carrier has previously furnished such medical supplies.

Appellant contends that the operation or total hip replacement of February 1980 falls within one of those categories listed in the exception, i.e. "artificial limbs or other apparatus permanently and definitely required."

The appellees contend that the appellant proceeded before the Commission on the issue of whether or not the March 1980 operation was continuing medical treatment as a result of the injuries incurred which was in the knowledge

of the appellees and had been mentioned by the administrative law judge in the 1976 hearing. It is their position that the issue now relied upon by the appellant was not raised before the Commission and cannot be raised here for the first time on appeal.

In response to that contention the present counsel for the appellant candidly admits that he did not represent the claimant during the hearing before either the administrative law judge or the full commission and does not know what points were argued but takes the position that the statute and applicable cases were cited throughout the proceedings.

Our examination of the record leads us to the conclusion that the issue now raised on this appeal was never brought to the attention of either the administrative law judge or the full commission. We agree with the appellees that if the same had been an issue more medical testimony would have been developed to determine exactly what surgical procedures were followed, why a P28 was substituted, whether it was merely a pain necessitated operation, or any additional surgery would be required. The only medical testimony with regard to the 1980 operation was a written report by Dr. Blackwell which at best informs us that an operation was performed to correct "the right hip prostatic changes with erosions," and that a "P28 total hip replacement was inserted." There was no testimony in the record as to what a "P28 hip replacement" is or why the procedure was required or its connection with the earlier surgery. The notice of appeal to the full commission filed after the administrative law judge's opinion of November 12, 1980, contains no reference to the issue now raised.

Our review of the record convinces us that this matter was presented to the Commission on the theory that the 1980 surgery was merely an extension of the original injury and appellees are estopped from now asserting the statute of limitations. Nowhere is there reference made to the issue of whether or not the operation of 1980 was an exception to the statute in question.

It is a well established appellate rule that grounds for

relief cannot be asserted for the first time on appeal. In *Palmer* v. *Cline*, 254 Ark. 393, 494 S.W. 2d 112 (1973), the court declared the rationale for that rule as follows:

> We must determine the issues upon the record that was made in the trial court. The facts essential to the question now argued were not pleaded in that court and therefore cannot serve as a basis for decision in this court.

The Supreme Court has held that this rule applies with equal force to appeals from Arkansas Workers' Compensation Commission. *Hawthorne* v. *Davis*, 268 Ark. 131, 594 S.W. 2d 844 (1980); *Clark* v. *Peabody Testing Service*, 265 Ark. 489, 579 S.W. 2d 360 (1979); *Jeffery Stone Co.* v. *Lester H. Raulston*, 242 Ark. 13, 412 S.W. 2d 275 (1967); *Murch-Jarvis Co., Inc.* v. *Townsend*, 209 Ark. 956, 193 S.W. 2d 310 (1946).

We affirm.