Larry BREWER *v.* William EVERETT, Director of Labor, and LECKENBY COMPANY

E 81-111                           621 S.W. 2d 883

Court of Appeals of Arkansas
Opinion delivered October 7, 1981
[Rehearing denied November 4, 1981.]

*Peggy O'Neal*, for appellant.

*Thelma Lorenzo;* and *Bethell, Callaway & Robertson,* by: *Benjamin H. Shipley, III,* for appellees.

LAWSON CLONINGER, Judge. Appellant Larry Brewer prosecutes this appeal from a decision of the Arkansas Board of Review which found appellant disqualified for unemployment compensation benefits because he had been discharged by Leckenby Company for misconduct in connection with his work within the meaning of Section 5 (b) (1) of the Arkansas Employment Security Law, Ark. Stat. Ann. § 81-1106 (b) (1) (Repl. 1976).

We hold that the Board of Review was in error and we reverse.

At a hearing before the Appeal Tribunal appellant appeared in person and appellee Leckenby Company was represented by its general foreman. The Tribunal found that appellant was discharged for reasons other than misconduct and awarded appellant benefits. While the decision of the Tribunal was on appeal to the Board of Review the safety coordinator for Leckenby Company wrote a lengthy letter outlining the reasons for appellant's discharge, furnishing information not presented at the Tribunal hearing. Appellant charges that he had no knowledge of the letter until the decision of the Board of Review was made, and there is nothing in the record to refute his charge. It is not contended by appellees that appellant had notice of the letter, nor is it contended that the letter was not a factor in the decision of the Board. Ark. Stat. Ann. § 81-1107 (d) (3) (Repl. 1976) describes the procedure for review by the Board of Review:

> ... Upon review on its own motion or upon appeal, the Board may on the basis of the evidence previously submitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify, or reverse the findings and conclusion of the appeal tribunal.

Ark. Stat. Ann. § 81-1107 (d) (4) (Repl. 1976) provides:

Procedure. The Board of Review, appeal tribunals and special examiners shall not be bound by common law or statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before such tribunals shall be conducted in such manner as to ascertain the substantial rights of the parties.

In a case similar to the present one, *Brown Jordan* v. *Dukes*, 269 Ark. 581, 600 S.W. 2d 21 (Ark. App. 1980), the employee appealed a decision by the Tribunal to the Board of Review and sent the Board a written statement. The employer had no notice of the statement until the Board made its decision. In reversing the Board's decision, this Court said:

It is clear to us the statute does not permit the board to consider evidence of which a party has not been apprised. This 'additional evidence' was not 'previously submitted.' We interpret 'previously submitted' to mean submitted in some previous hearing at which either party would have an opportunity to question or support it. Neither did the board 'direct' [it] be taken. The statement in question here was just sent to the board by a party without invitation by the board or notice to appellant. This failure to comply with the statute makes it unnecessary to get to the obvious due process deprivation which occurred in this case.

The holding in *Brown Jordan* is not difficult to understand and it is surprising that the Board has declined to follow it. The consideration of the letter by the Board in this case was improper, and, standing alone, would require that the decision be reversed and remanded. We hold, however, that it is not necessary to remand this case, because, even when the contents of the letter are considered, there is not substantial evidence to support the finding of the Board. The Board failed to follow the provisions of the statute, so it is not necessary to consider the constitutional question of due process.

Appellant had worked as a utility man for Leckenby Company, a fabricated steel manufacturer, almost a year,

and was discharged after his third serious accident during the employment period. The third accident occurred when appellant attempted to move a sandblaster with a forklift. The sandblaster was connected to a compressor by a hose under pressure, and when appellant ran over the hose the forklift became stuck in sand. The employer's foreman testified that the first thing appellant should have done was to cut off the compressor. Instead, appellant attempted to pull the hose loose and the hose struck appellant in the face causing serious injury. The foreman testified that in all three of the accidents someone could have been more seriously injured or killed. Evidence indicated that appellant knew the company's rules, policies and safety procedures, and that after each of the first two accidents he had been warned that he had violated safety rules. The foreman also testified that all three accidents had more to do with common sense than with anything else. In its written response to the claim filed the employer stated that appellant was a hazard to himself and other employees, that it was a judgment thing, and that all three accidents were due to appellant's negligence.

This Court said in *Stagecoach Motel* v. *Krause,* 267 Ark. 1093, 593 S.W. 2d 495 (1980), that misconduct within the meaning of the Employment Security Act must be an act of wanton or willful disregard of the employer's interest, a deliberate violation of the employer's rules, a disregard of the standard of behavior which the employer has a right to expect of the employees. In *Willis Johnson Company* v. *Daniels,* 269 Ark. 795, 601 S.W. 2d 890 (Ark. App. 1980), this Court said that mere inefficiency, unsatisfactory conduct, failure of good performance as the result of inability or incapacity, inadvertence, ordinary negligence or good faith error in judgment or discretion are not considered misconduct for unemployment benefits purposes unless it is of such degree or recurrence as to manifest culpability, wrongful intent, evil design, or intentional or substantial disregard of an employer's interest.

The finding of the Board of Review that appellant was discharged for misconduct is not supported by substantial evidence. We have held that hearsay evidence is admissible

in administrative hearings, but hearsay alone is not substantial evidence. *Woods* v. *Employment Security Division,* 269 Ark. 613, 599 S.W. 2d 435 (Ark. App. 1980). The statement made by the employer in the instant case in response to the filing of the claim and the testimony of the foreman are hearsay, but they were properly considered by the Board along with the testimony given by appellant. There is no evidence that appellant had the requisite intent to make his actions constitute misconduct. Nothing in the record indicates that he knowingly or willfully acted in a manner against the best interest of his employer. No one representing the employer indicated that appellant was guilty of wrongful intent, evil design or a deliberate violation of company rules. Appellant did exhibit a remarkable lack of judgment and competence, and he was perhaps, as the employer charged, a hazard to himself and others, but such shortcomings do not constitute misconduct.

The decision of the Board is reversed and the cause remanded with directions to award benefits to appellant.