Thelma CLAY *v.* William F. EVERETT, Director
of Labor, and BASLER ELECTRIC

E 81-280                                     628 S.W. 2d 339

Court of Appeals of Arkansas
Opinion delivered February 24, 1982

Appellant, *pro se.*

*Thelma Lorenzo* and *Michael R. Foreman,* for appellees.

GEORGE K. CRACRAFT, Judge. On May 21, 1981, the appellant applied for benefits under the Arkansas Employment Security Act stating that she quit her job at Basler Electric because her throat become so sore due to fumes that she could not work. The employer replied that after being absent for two consecutive days she voluntarily quit. The agency denied her claim on finding that she voluntarily left her last employment without good cause connected with the work.

She appealed from that determination and appeared at a hearing before the referee. The employer was not represented at that hearing. Though she had not previously made any claim of harassment, appellant testified before the referee that the real reasons for terminating her employment were the improper advances and sexual harassment of a supervisor. The Appeal Tribunal reversed the agency on

finding that she voluntarily left her work but for good cause in connection with her work due to sexual harassment.

The employer filed its petition for appeal to the Board of Review in which it pointed out that because there had been no notice of a claim of sexual harassment before the hearing no one had appeared before the referee in its behalf. It prayed for a rehearing on appeal in order to present evidence in defense of that accusation. Attached to that petition were copies of appellant's written resignation and documentary evidence of her absenteeism. The record reflects that a copy of that petition and the documents attached to it were forwarded to the appellant on July 15, 1981.

Thereafter the employer addressed a letter to the "Chairmen and Members of the Board of Review" in which it set out those matters contained in its original petition and further submitted in support of its defense against the claim of sexual harassment the affidavits of its plant manager, company supervisor, secretary to the plant manager, and assistant group leader of the night shift, all tending to establish that there had been no sexual harassment of the appellant. The record does not disclose that a copy of that letter or of the attached affidavits was furnished to the claimant prior to the decision of the Board of Review.

The Board of Review reversed the determination of the Appeal Tribunal upon finding that she voluntarily tendered her resignation after failing to report to work for two consecutive days and not because of harassment. It is apparent that the Board of Review did consider the affidavits furnished by the employer, which material had not been furnished to the appellant. The Board of Review's opinion makes specific reference to that letter and the affidavits. With regard to her accusations against one of her employers, the Board noted that claimant "had not mentioned this particular problem to her supervisor as is stated in his affidavit."

In *Brown Jordan* v. *Dukes,* 269 Ark. 581, 600 S.W. 2d 21 (1980) and a series of subsequent unpublished opinions we have declared that it is prejudicial error for the Board of Review to consider matters submitted to it by one party

124

which were not in evidence before the referee and of which the other party is afforded no notice or opportunity of rebuttal. We adhere to this rule.

The decision of the Board of Review is remanded for the taking of further evidence, including the four affidavits referred to, which either party may wish to submit, assuring that notice of any further evidence to be considered is given to each party.

Remanded.