Mark SMITH *v.* William F. EVERETT, Director
of Labor, and SMITH DITCHING

E 82-94                              642 S.W.2d 320

Court of Appeals of Arkansas
Opinion delivered November 10, 1982
[Supplemental Opinion on Denial of Rehearing December 15, 1982.]

Appellant, *pro se.*

*Thelma Lorenzo,* for appellee.

TOM GLAZE, Judge. This is an Employment Security case in which the Board of Review found the claimant voluntarily quit his job without making reasonable efforts to preserve his job rights. The Board's decision reversed the Appeal Tribunal which found that claimant quit work because of a personal emergency. The Board's decision was based primarily upon an affidavit submitted to it by the employer, who had failed to appear before the Appeal Tribunal. In reversing the Tribunal, the Board found considerable discrepancy in the claimant's testimony and

the employer's affidavit, and it determined that the more "credible evidence" was weighted on the side of the employer. We reverse and remand consistent with the Supreme Court's recent holding in *Smith* v. *Everett,* 276 Ark. 430, 637 S.W.2d 537 (1982).

In *Smith,* the Supreme Court, citing *Goldberg* v. *Kelly,* 397 U.S. 254 (1970), applied the following rule to the State's award of unemployment benefits:

> [B]efore state granted benefits . . . can be taken away claimant must be given an opportunity to confront and cross-examine adverse witnesses at an evidentiary hearing.

The Arkansas Supreme Court held in *Smith* that the claimant had no opportunity to subpoena or cross-examine adverse witnesses either before the Appeal Tribunal or the Board of Review. The Court reversed and remanded with directions to permit Leardis Smith the opportunity to confront his adverse witnesses under the rule announced in *Goldberg* v. *Kelly.* A similar situation exists here and the same disposition as taken in *Smith* is required.

The factual question here is whether the claimant made any attempt to preserve his job rights before he quit. At the Appeal Tribunal hearing, claimant testified that his wife had been shot, and pursuant to a doctor's instructions, he needed to be with her. Additionally, the couple had an infant, and claimant had to care for the child. claimant testified that he had repeatedly told his boss (and boss's son) that, because his job took him away from home overnight, claimant needed either to work in his home town or to be allowed to take his family with him. Claimant said that on November 9, 1981, he gave notice to his employer that he would have to quit unless arrangements could be made allowing him to be at home at night. The employer failed to appear at the Appeal Tribunal hearing and the Tribunal awarded claimant benefits.

After the employer appealed the Tribunal's decision, the Board of Review notified both the employer and

claimant that another hearing would not be held but that each of them could submit an affidavit or other documentary evidence. The employer submitted an affidavit which indicated he had no notice that claimant was dissatisfied or had any intentions to quit. Based upon this affidavit, the Board held against the claimant, finding that claimant did not preserve his job rights because he failed to notify his employer that a personal emergency existed.

Through no fault of his own, the claimant has never had the opportunity to cross-examine the employer. As the Arkansas Supreme Court announced in *Smith* v. *Everett*, the claimant must be afforded that opportunity as well as the right to subpoena and cross-examine other adverse witnesses whose names may have surfaced as the result of the employer's belated affidavit.

This cause is remanded to the Board with directions that a hearing be conducted consistent with this opinion and pursuant to the applicable procedures set forth in Ark. Stat. Ann. § 81-1107 (d) (3) (Repl. 1976). As a part of this decision, we further hold that the Board does not have the jurisdiction to accept additional evidence in appeals pending before it. *See Brown Jordan* v. *Dukes*, 269 Ark. 581, 583, 600 S.W.2d 21 (Ark. App. 1980); and *Brewer* v. *Everett*, 3 Ark. App. 59, 21 S.W.2d 883 (1981).

Remanded.

Supplemental Opinion on Denial of
Rehearing delivered December 15, 1982

TOM GLAZE, Judge. We reversed and remanded this cause, relying on the recent Supreme Court decision of *Leardis Smith* v. *Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982). In its petition for rehearing, appellee first contends that the Supreme Court erred in its holding in *Smith* because the Court incorrectly cited and relied on the case of *Goldberg* v. *Kelly*, 397 U.S. 254 (1970). Appellee also argues that our Court erred by considering an issue that was never raised below or on appeal. For obvious reasons, we consider only appellee's second argument.

The instant case was pending at the time the Supreme Court rendered its decision in the *Smith* case. Consequently, the claimant was entitled to claim the benefits of the Supreme Court's holding in *Smith*. *See Cummings* v. *State*, 239 Ark. 1027, 396 S.W.2d 298 (1965). Of course, appellee's argument is that claimant should not benefit from such holding because he failed to raise the issue either at the Board level or in his appeal to this Court. As a general rule, we certainly agree with the appellee on this point and we recently applied this rule in Workers' Compensation cases. *See Ashcraft* v. *Quimby*, 2 Ark. App. 332, 336, 621 S.W.2d 230, 232 (1981); and *Hamilton* v. *Jeffrey Stone Company*, 6 Ark. App. 333, 641 S.W.2d 723 (1982).

In Employment Security cases, the Board of Review, appeal tribunals and special examiners are not bound by common law, statutory rules of evidence or by technical rules of procedure, but any hearing or appeal before such hearing officers must be conducted in a manner to ascertain the substantial rights of the parties. Ark. Stat. Ann. § 81-1107 (d) (4) (Repl. 1976). Here, the appellee urges us to adopt a rule which would impose a duty on the parties to formally interpose objections in order to preserve a record for an

appeal to this Court. If we required the parties to formally object or proffer evidence to preserve a record for appeal purposes, we would be imposing a duty contrary to that envisioned by the Arkansas General Assembly when it enacted § 81-1107 (d) (4). We believe it would be fundamentally unfair to adopt such a rule in this type case. Parties in Employment Security cases are rarely represented by attorneys, and the records on review often reflect clear errors that affect the substantial rights of the parties. The appeal tribunals and the Board of Review are mandated by law to conduct hearings and appeals in a manner to ascertain the substantial rights of the parties. If they fail to do so, we have a correlative duty to remand these cases to require it to be done.

In conclusion, we dispose of appellee's contention that this Court somehow became a fact-finding body because we recognized from the record in this cause that the claimant was never afforded the opportunity to cross-examine adverse witnesses. While we protect, by our decision, the parties' right to a fair hearing and appeal as contemplated by the clear language in § 81-1107 (d) (4), we merely remand this cause for further proceedings that comply with that law. The Board of Review's authority as fact-finder remains inviolate.

Reversed and remanded.

MAYFIELD, C.J., concurs.

MELVIN MAYFIELD, Chief Judge, concurring. I concur in the denial of the petiton for rehearing filed by the Director of Labor. The basis of my concurrence is the last sentence of our opinion which reads: "As a part of this decision we further hold that the Board does not have jurisdiction to accept additional evidence in appeals pending before it. See *Brown Jordan* v. *Dukes*, 269 Ark. 581, 583, 600 S.W.2d 21 (Ark. App. 1980); and *Brewer* v. *Everett*, 3 Ark. App. 59, 621 S.W.2d 883 (1981)."

Those cases were concerned with Ark. Stat. Ann. § 81-1107 (d) (3) (Repl. 1976) which describes the procedure for review by the Board of Review as follows:

> Upon review on its own motion or upon appeal, the Board may on the basis of the evidence previously admitted in such case, or upon the basis of such additional evidence as it may direct be taken, affirm, modify or reverse the findings and conclusions of the appeal tribunal.

The above provision was quoted in *Brown Jordan v. Dukes*, where this court said, "We interpret 'previously submitted' to mean submitted in some previous hearing at which either party would have an opportunity to question or support it." That statement was quoted, and the decision of *Brown Jordan* again approved, in *Brewer* v. *Everett, Director*. The statute also provides that the board may "direct" that "additional" evidence be taken and both *Brown Jordan* and *Brewer* held that statements sent to the board after the hearing before the appeals referee did not constitute "additional evidence" directed to be taken by the board.

Thus, the last sentence in our opinion states our holding in *Brown Jordan* and in *Brewer* and is not new. The holding of our Supreme Court in *Smith* v. *Everett*, 276 Ark. 430, 637 S.W.2d 537 (1982), makes it necessary, however, for us to insist that the procedure in *Brown Jordan* and *Brewer* be followed. In most of our appeals from the Board of Review neither party is represented by an attorney. Considering the number of appeals filed, it is almost beyond our capacity to determine on our own whether the appellant has waived the opportunity to cross-examine the witness who sends "new" evidence to the board in the form of a written statement; or whether the pro se appellant has raised the cross-examination issue before the board; or whether a party has been prejudiced by the board's failure to follow the procedure indicated in *Brown Jordan* and *Brewer*. On the other hand, it is quite apparent that there has been no opportunity to confront and cross-examine adverse wit-

nesses when they testify for the first time by written statement furnished to the board.

The petition for rehearing points out that there is language in Ark. Stat. Ann. § 81-1107 (d) (1) (Repl. 1976) which authorizes the chairman of the Board of Review to appoint a reporter to take and transcribe testimony taken before the board and that § 81-1107 (d) (7) (Supp. 1981) provides that the Court of Appeals may remand a matter and order additional evidence to be taken before the board. Neither provision, however, negates our holding that under § 81-1107 (d) (3) (Repl. 1976) the board does not have jurisdiction to accept additional evidence in *appeals* pending before it.