MAYBELLINE COMPANY *v.* Dewey STILES, Director
of Labor, and Corlis TATE

E 83-80                                              661 S.W.2d 462

Court of Appeals of Arkansas
Division II
Opinion delivered December 14, 1983

*Jack Stewart,* Memphis, Tennessee, and *Rose Law Firm,* by: *Jim Hunter Birch,* for appellant.

*Allan Pruitt,* for appellees.

Tom Glaze, Judge. This is an appeal from a decision of the Board of Review awarding benefits to the claimant after finding that she was dismissed from her job for reasons other than misconduct in connection with the work. The appellant/employer raises two points for reversal:

> A. The Board of Review acted in a manner contrary to law by failing to order a hearing to receive new evidence offered by Maybelline.
>
> B. The Board's decision is not supported by the evidence and is contrary to law.

We cannot say that the Board erred as a matter of law in not awarding a second hearing at the employer's request, and we find substantial evidence in the record to support the Board's decision. Therefore, we affirm.

The claimant was a factory line employee who was discharged October 23, 1982. The claimant filed for un-

employment benefits and stated on her application that she had been dismissed for "going to the bathroom without permission." The employer responded that the reason for claimant's separation from employment was for "violation of company rules." The Agency found the claimant eligible for benefits and the employer appealed.

A hearing was conducted before an appeals referee; the claimant appeared in her own behalf and three representatives appeared for the employer: the personnel manager, the claimant's supervisor, and the assistant production manager. The claimant testified that she was discharged for going to the restroom without permission; she admitted that she had been warned on prior occasions not to leave the line without permission for any reason. The claimant testified also that when the line was "down" — not operating for maintenance or repair — the employees were permitted to leave without permission. She testified that the line was down at the time she left her post on October 23, and that it was still down when she returned. The claimant also testified that she had had surgery in September, 1982, which had increased the frequency and urgency of her need to urinate.

Of the three witnesses who appeared for the employer, Mr. Acre, the Personnel Manager, did most of the talking. Acre denied any knowledge on the part of the company that the claimant had a medical problem which necessitated her going to the restroom frequently. He testified:

> [W]e were never informed . . . that she had a physical condition initiated by surgery that required frequent urination and thus leaving the line, we were not aware of that. Additionally, there is [sic] several questions in my mind regarding her leaving the line, the line being down and so on. I would just say we would have taken that fact into consideration had we known about it. However, we would have still required her to follow the same procedures of notifying the service worker or clerk or supervisor. When a production line is down, that is it's not functioning because it's broken down under mechanical repair or something of that effect, the

operators aren't working the line isn't running, and there is the possibility that the operators can go to the restroom without seeking permission during those times. We would not let an entire line leave and go to the restroom, but employees can, electing among themselves, to go to restroom while the machine is broken down. When the machine is running, that is not the procedure. Our employees are aware of this . . . . They are informed of it when they are employed, they are informed the first night they're working on the job of the basic procedure for leaving the line for whatever reasons.

The referee affirmed the Agency's decision that the claimant was eligible for benefits. The employer appealed that decision to the Board of Review and submitted additional evidence to show that on the day the claimant was dismissed, the line was *not* down as the claimant had testified. The Board affirmed the decision of the referee awarding benefits to the claimant, stating in its decision that, pursuant to *Mark Smith* v. *Everett,* 6 Ark. App. 337, 642 S.W.2d 320 (1982), it had not considered the evidence submitted by the employer with its letter of appeal to the Board.

In its first point for reversal, the appellant alleges the Board acted in a manner contrary to law by failing to order a hearing to receive new evidence proffered by the employer when it filed its appeal with the Board. Appellant relies upon previous cases decided by this Court which have "zealously protected the right of each party to the proceedings to notice of the other party's evidence and a fair opportunity to rebut the evidence of the other party," citing *Mark Smith* v. *Everett, supra; Clay* v. *Everett,* 4 Ark. App. 122, 628 S.W.2d 339 (1982); *Ireland* v. *Daniels,* 2 Ark. App. 44, 616 S.W.2d 33 (1981); and *Brown Jordan* v. *Dukes,* 269 Ark. 581, 600 S.W.2d 21 (Ark. App. 1980). However, these cases are distinguishable because the appellants were denied the *opportunity* to cross-examine witnesses or to rebut evidence against them because the adverse witnesses did not appear at the hearings.

In *Mark Smith* v. *Everett, supra,* the claimant appeared at the hearing. The employer was not represented, but presented testimony by affidavit. This Court reversed a decision adverse to the claimant and remanded to give the claimant an opportunity to submit evidence to rebut that contained in his employer's affidavit.

In *Clay* v. *Everett, supra,* the claimant appeared at a hearing at which the employer was not represented and testified, without prior notice to the employer, that she had quit her job because of her supervisor's sexual advances and harassment. The Appeal Tribunal awarded benefits to the claimant based upon that testimony. The employer wrote a letter to the Board of Review appealing the decision, and the Board relied upon that letter to reverse the Appeal Tribunal and deny benefits. This Court remanded to the Board and ordered that further evidence be taken because the employer had no notice that the claimant would allege sexual harassment and the claimant had no opportunity to cross-examine the employer based upon the letter he submitted to the Board.

In *Ireland* v. *Daniels, supra,* the employee's claim was denied because the Agency found that she had quit her job because of illness without attempting to preserve her job rights. The claimant testified at the hearing that she had not quit her job, at all, but had been terminated while she was recuperating from a heart attack. The claimant asked the referee to contact her employer to verify that she had been discharged, but the referee refused. This Court reversed and ordered that the claimant be awarded benefits because all evidence was that she had been discharged.

In *Brown Jordan* v. *Dukes, supra,* the claimant was denied benefits for alleged misconduct in connection with the work. At the hearing, the claimant appeared along with other employees who testified that the claimant had not committed the act for which he was fired. Although his supervisor's written statement was introduced into evidence, the supervisor did not appear. The Appeal Tribunal found the claimant ineligible for benefits. He submitted to the Board of Review a written statement from another employee

who was allegedly a party to the misconduct, absolving the claimant of any wrong-doing. That statement apparently was the basis for the Board's reversing the Appeal Tribunal and awarding the claimant benefits. This court reversed and remanded for additional evidence.

The instant case presents a very different set of facts than the cases on which appellant relies because here, the employer was represented at the hearing and had ample opportunity to cross-examine the claimant and to rebut her testimony. In fact, the appellant had three representatives at the hearing, each with a personal knowledge of the claimant and of the circumstances surrounding her dismissal. None of the employer's representatives refuted the claimant's statements or asked the referee for additional time either to check their records or to submit their records to the referee. The appellant offered no additional evidence until it appealed the adverse decision to the Board of Review. Although it is within the discretion of the Board of Review to direct that additional evidence be taken, Ark. Stat. Ann. § 81-1107 (d) (3) (Supp. 1983), nothing in the law requires a second hearing so long as each side has notice of and a fair *opportunity* to rebut the evidence of the other party. *See Brown Jordan v. Dukes, supra. See also Mark Smith* v. *Everett, supra.*

For its second point for reversal, appellant contends the decision of the Board is not supported by substantial evidence and must therefore be reversed. Appellant contends that the testimony was undisputed that the claimant was discharged for misconduct in connection with the work within § 5 (b) (1), and that as a consequence, she is ineligible for benefits. The testimony *was* undisputed that the claimant left her post without permission in order to go to the restroom. The claimant submitted medical evidence at the hearing that surgery which had been performed on her could result in her having to urinate more frequently than usual. The claimant testified that she was physically unable to take the time to get permission to leave her line. She also testified that she had been warned about leaving without permission, that the line was down when she left, and that when the line was down, the employees were free to leave their places

without permission. All of that testimony was unchallenged by the three employer representatives who attended the hearing. Although Acre elaborated on the precise rule, he admitted that when the line was down, the employees could work out among themselves a schedule for going to the restroom or getting drinks of water.

Whether the findings of the Board of Review are supported by substantial evidence is a question of law; this Court will reverse when the Board's findings are not supported by substantial evidence. *St. Vincent Infirmary* v. *Arkansas Employment Security Division,* 271 Ark. 654, 609 S.W.2d 675 (Ark. App. 1980). Whether an employee's actions constitute misconduct in connection with the work sufficient to deny unemployment benefits is a question of fact for the Board of Review. *Olson* v. *Everett,* 8 Ark. App. 230, 650 S.W.2d 247 (1983); *Arlington Hotel* v. *Employment Security Division,* 3 Ark. App. 281, 625 S.W.2d 551 (1981). This Court will determine whether the Board could reasonably reach its results upon the evidence before it, but will not replace its judgment for that of the Board even though the Court might have reached a different conclusion based upon the same evidence the Board considered. *Harris* v. *Daniels,* 263 Ark. 897, 567 S.W.2d 943 (1978).

We find that substantial evidence supports the Board's finding that the claimant was discharged for reasons other than misconduct in connection with the work and the Board's award of benefits. We affirm.

Affirmed.

COOPER, J., agrees.

MAYFIELD, C.J., concurs.