CARP CONSTRUCTION *v.* Dewey STILES, Director of Labor, and Steve Erixson

E 87-32                                                740 S.W.2d 632

Court of Appeals of Arkansas
Division I
Opinion delivered December 9, 1987

*Fred L. Caddell*, for appellant.

*Allan Pruitt*, for appellee.

JAMES R. COOPER, Judge. Steve Erixson, an appellee in this Employment Security Division case, filed a claim for unemployment benefits in November 1986 stating that he quit his job with the appellant, Carp Construction, because the appellant had breached his employment agreement by failing to raise his wage rate to $6.00 per hour after thirty days. The Agency found that Erixson had left his employment with Carp Construction voluntarily and without good cause connected to the work, and denied him benefits. Erixson appealed the Agency determination to the Appeal Tribunal. An appeal hearing was held by telephone on December 11, 1986, in which Erixson testified in his own behalf; Carp Construction did not make an appearance. In a decision dated December 16, 1986, the Appeal Tribunal found that Erixson left his job at Carp Construction voluntarily and without good cause, and denied him benefits. On December 22, 1986, Erixson filed an appeal to the Arkansas Board of Review. Upon a review of the written record and testimony from the telephone hearing, the Board of Review allowed benefits upon a finding that, although Erixson had voluntarily quit his employment with Carp Construction, he did so with good cause connected with the work because the appellant had failed to give Erixson a raise after thirty days, and failed to provide him full-time work. From that decision, comes this appeal.

For reversal, the appellant states that it never received notice of the telephone hearing of December 11, 1986, and learned of that hearing only after it received the decision of the Appeal Tribunal. The appellant contends that it thus did not receive a reasonable opportunity for a fair hearing, and that its asserted inability to present evidence in its own behalf at the telephone hearing made it impossible for the Board of Review to ascertain the substantial rights of the parties as required by Ark. Stat. Ann. § 81-1107(d)(4) (Supp. 1985).

We do not reach the merits of the appellant's contentions because the appellant failed to raise the issue of notice below. In its brief, the appellant concedes that it was

notified that the telephone hearing had occurred prior to the time that the Board of Review proceeding took place. The appellant attempts to justify its failure to present the notice issue to the Board of Review by reference to a letter dated December 31, 1986, in which the Board of Review informed Erixson that his appeal had been placed on the Board's docket, and advised him that, under *Mark Smith* v. *Everett*, 6 Ark. App. 337, 642 S.W.2d 320 (1982), the Board of Review lacked jurisdiction to accept additional evidence in appeals pending before it. The implication is that it would have been pointless for the appellant to have presented the notice issue to the Board of Review, because the Board would have been unable to cure any error caused by the asserted lack of notice due to the jurisdictional limitation with respect to additional evidence set out in *Mark Smith, supra.* We do not agree. It is within the Board's discretion to direct that additional evidence be taken. *Maybelline Co.* v. *Stiles*, 10 Ark. App. 169, 661 S.W.2d 462 (1983); *Jones* v. *Director of Labor*, 8 Ark. App. 169, 650 S.W.2d 601 (1983). Thus, the Board had the power to consider the appellant's assertions concerning lack of notice of the telephone hearing. Because the appellant did not raise the notice question below, we will not consider it on appeal. *City of Fort Smith* v. *Moore*, 269 Ark. 617, 599 S.W.2d 750 (Ark. App. 1980).

Affirmed.

CORBIN, C.J., and MAYFIELD, J., agree.