Deborah L. ROGERS *v.* DIRECTOR OF LABOR

E 87-111                                            767 S.W.2d 319

Court of Appeals of Arkansas
Division I
Opinion delivered April 5, 1989

*Dan J. Kroha*, for appellant.

*Allan Pruitt*, for appellee.

MELVIN MAYFIELD, Judge. This is an appeal from a decision of the Arkansas Board of Review holding that the claimant, Deborah L. Rogers, was ineligible for unemployment compensation benefits because she was discharged from her last work for misconduct connected with the work.

Appellant was a radio dispatcher and jailer for the Sherwood Police Department. She was terminated effective February 27, 1987, for writing "hot" checks for which an arrest warrant had been issued. Appellant's employment record showed she had been

counseled in April 1985 for the same problem.

The evidence in the record also shows that in August 1985 appellant had been suspended for ten days for conduct unbecoming an officer; that in October 1986 she was suspended for three days for failing to report to work on time; and that in January 1987 she was suspended for twenty days for neglect of duty, inattention to duty, and making a false official report. Lowell Kincaid, Sherwood Chief of Police, testified that at the time of the last suspension he warned appellant it would be her last one and that any future violation of departmental rules and regulations would result in her termination.

In regard to the incident for which she was discharged, the record shows that appellant wrote two checks to Sears for which there were insufficient funds in her checking account. Sears turned the checks over to the municipal court for prosecution, and a warrant was issued for appellant's arrest on January 21, 1987. The two checks totaled $76.00 and when appellant was notified by her employer that a warrant had been filed for her arrest, she paid $40.00 on the checks. A court date was set but a continuance was granted, and appellant paid the balance on the checks and her case was dismissed without trial. Appellant testified that she was unaware that the funds in her checking account were not sufficient to cover the checks when she wrote them and that she had not received the ten-day notice the Hot Check Division of the Sherwood Municipal Court usually sends out to allow the maker of the check to pay it before an arrest warrant is issued.

The agency denied the appellant benefits, the appeal tribunal reversed and allowed benefits, and the Board of Review reversed the appeal tribunal. The Board found that the appellant's actions were a willful or wanton disregard of the employer's interests and of the standards of behavior which the employer has a right to expect of its employees.

When reviewing a decision of the Board of Review, the Board's findings of fact are conclusive, if supported by substantial evidence. Ark. Code Ann. § 11-10-529(c)(1) (1987); *Terry Dairy Products Co., Inc.* v. *Cash*, 224 Ark. 576, 275 S.W.2d 12 (1955). Substantial evidence has been defined as valid, legal, and persuasive evidence; such relevant evidence as a reasonable mind might accept as adequate to support a conclu-

sion. *Victor Industries Corp.* v. *Daniels*, 1 Ark. App. 6, 611 S.W.2d 794 (1981). Whether the findings of the Board of Review are supported by substantial evidence is a question of law; this court may reverse where the Board's findings are not supported by substantial evidence. *St. Vincent Infirmary* v. *Arkansas Employment Security Division*, 271 Ark. 654, 609 S.W.2d 675 (Ark. App. 1980).

Appellant first argues on appeal that the finding of the Board of Review that she was discharged for misconduct is not supported by substantial evidence. She contends she did not willfully violate the rules or regulations of the department because she did not know that her checking account did not contain sufficient funds to cover the checks. In support of her contention, appellant relies upon *Brewer* v. *Everett*, 3 Ark. App. 59, 621 S.W.2d 883 (1981), in which the court held that there was no evidence in the record to show that the appellant in that case had the requisite intent necessary for his actions to constitute misconduct; and *Cody* v. *Everett*, 8 Ark. App. 14, 648 S.W.2d 508 (1983), where the court found that a police officer who had fired shots into the walls and doors of his home while off duty had not violated the rules of his employer. In the instant case, appellant argues she had no intention of not paying Sears and was not on duty when the checks were written.

Appellant was denied benefits under Section 5(b)(1) of the Arkansas Employment Security Law, Ark. Code Ann. § 11-10-514(a)(1) (1987), which provides in pertinent part:

> If so found by the director, an individual shall be disqualified for benefits if he is discharged from his last work for misconduct in connection with the work.

In *Nibco, Inc.* v. *Metcalf*, 1 Ark. App. 114, 118, 613 S.W.2d 612 (1981), we reviewed the case law and said while the language used was not always the same, the cases held that misconduct involved disregard of the employer's interests, violation of the employer's rules, disregard of the standards of behavior which the employer has a right to expect of his employees, and disregard of the employee's duties and obligations to his employer. We further stated:

> To constitute misconduct, however, the definitions

require more than mere inefficiency, unsatisfactory con-
duct, failure in good performance as the result of inability
or incapacity, inadvertencies, ordinary negligence in iso-
lated instances, or good faith error in judgment or discre-
tion. There must be an intentional or deliberate violation, a
willful or wanton disregard, or carelessness or negligence
of such degree or recurrence as to manifest wrongful intent
or evil design.

■ Considering the evidence in this case in light of the
criteria set out in *Nibco*, we believe the decision of the Board of
Review should be affirmed. When Sears obtained the issuance of
the warrant for the arrest of appellant, the Sherwood Chief of
Police wrote appellant advising her that the warrant had been
issued and that she had violated the following policies of the
department:

#6   Violation of any criminal law.

#26  Neglect to pay within a reasonable time just
     indebtedness incurred while in service.

#40  Violation of any section of the rules and
     regulations and ordinances of the City of
     Sherwood.

The police chief also advised appellant that she was terminated
and of her right to request a hearing before the Civil Service
Commission. In view of the prior violations of department rules
and regulations, which the appellant admitted were in a booklet
that each employee was given, we think the Board of Review
could find that the check incident was the last in a series of
violations, the total of which constituted substantial evidence to
support the Board's finding that the appellant's "actions were a
willful or wanton disregard of the employer's interests and of the
standards of behavior which the employer has a right to expect of
its employees." *See Exson* v. *Everett*, 9 Ark. App. 177, 656
S.W.2d 711 (1983) (recurring errors constituted a substantial
disregard of the employer's best interests and appellant's own
duties and obligations). Since the evidence of appellant's miscon-
duct is not confined to the hot check incident, we do not think the
case of *Cody* v. *Everett, supra*, cited by appellant is applicable to
this case. In *Cody* a policeman was terminated for a single

incident which occurred in his own home while he was off duty.

The appellant also argues that the Board of Review erred because it "refused to allow appellant an opportunity to rebut the employer's testimony." This contention grows out of the fact that no representative of the Sherwood Police Department appeared at the hearing before the appeal tribunal. The appellant and her attorney did appear and the referee took appellant's testimony. After the referee's decision was mailed (it was adverse to the department-employer) the employer filed an appeal to the Board of Review and requested a "new" hearing. Acting under the authority of Ark. Code Ann. § 11-10-525(a)(2) (1987), the Board granted the request and notified both parties of the time and place of the hearing to take additional evidence. The Board also sent a copy of a cassette containing the tape recording of the testimony of the appellant to both parties.

At the beginning of the second hearing, the appellant's attorney first objected to the hearing on the basis that the employer did not have any justifiable excuse for not attending the first hearing. When that objection was overruled, counsel moved that the employer not be permitted to cross-examine the appellant because it waived that right by failing to appear at the first hearing. That motion was overruled and counsel then asked that the hearing be adjourned after any witnesses for the employer testified, that counsel be given a tape recording of that testimony, and that counsel then be afforded an opportunity to cross-examine the employer's witnesses at another hearing after counsel had a chance to review the taped testimony of the employer's witnesses. This motion was denied.

We see no prejudice to appellant. Her counsel heard her testimony at the first hearing and was furnished a copy of it. Ark. Code Ann. § 11-10-525(a)(2) authorized the second hearing. After appellant's counsel put her on the stand and elicited some evidence in addition to that given by her at the first hearing, counsel for the employer asked approximately thirty questions on cross-examination. We see no indication that counsel gained any advantage by time to prepare for these few short questions. Appellant called no other witnesses.

As for appellant's counsel having time to prepare for cross-examination of the employer's witnesses, only the police chief

testified, and counsel did not renew the motion after the chief finished his testimony. Thus, it would appear that time to prepare for cross-examination was not so important to counsel after he heard the chief's testimony. Moreover, most of the testimony was undisputed.

■ Under Ark. Code Ann. § 11-10-525(a)(2) [formerly Ark. Stat. Ann. § 81-1107(d)(3) (Supp. 1983)], it is within the discretion of the Board to direct that additional evidence be taken, but it is not required to do so as long as each side has notice and opportunity to rebut the evidence of the other party. *See Maybelline Company* v. *Stiles,* 10 Ark. App. 169, 174, 661 S.W.2d 462 (1983). Administrative agencies are "generally permitted a wide discretion and latitude in procedural details." 73A C.J.S. *Public Administrative Law and Procedure* § 115 at 14 (1983). We find no error in the taking of testimony in the second hearing.

Affirmed.

CRACRAFT and ROGERS, JJ., agree.